UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA K. DANIELSON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>Defendant. | NO: 12-CV-0153-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 15, 18).  Plaintiff is represented by Maureen J. Rosette. Defendant is represented by Mathew W. Pile.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. There being no reason to delay a decision, the hearing set for March 3, 2014, is vacated and this matter is submitted without oral argument.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 688 F.3d 1144, 1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the

record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's

work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) payments on November 30, 2009, alleging an onset date of August 17, 2007. Tr. 123-26, 180. She amended her alleged onset date to November 30, 2009. Tr. 41. Her claims were denied initially and on reconsideration. Tr. 80-83, 87-88, 91-92. Plaintiff filed a timely request for a hearing (Tr. 93) and appeared with an attorney at a hearing before an administrative law judge ("ALJ") on February 25, 2011.[1] Tr. 39-69.

The ALJ issued his decision on March 10, 2011, finding that Plaintiff was not disabled under the Act. Tr. 16-27. On February 9, 2012, the Appeals Council denied Plaintiff's request for review (Tr. 15), making the ALJ's decision the

---

[1] While not material to this Court's decision, the transcript of the hearing reflects a date of March 25, 2011 (Tr. 39, 40, 69), while the notice of hearing reflects a date of February 25, 2011 (Tr. 34). Obviously the hearing occurred before the ALJ issued his decision.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

Commissioner's final decision that is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

Plaintiff contends she is disabled due to hepatitis C and depression. Tr. 57, 184, 219. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2009, the amended alleged date of disability onset. Tr. 21. At step two, the ALJ found that Plaintiff's hepatitis C was a severe impairment.[2] Tr. 21. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the requirements of any listed impairment. Tr. 25. At step three, the ALJ determined that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels. Tr. 25. At step four, the ALJ found Plaintiff was not disabled because she could perform her past relevant work as a waitress/cashier and cashier. Tr. 27. Since Plaintiff was found not to be disabled at step four, no step five analysis was performed.

## ISSUES

Plaintiff, Sandra K. Danielson, seeks judicial review of the Commissioner's final decision denying her Title XVI Supplemental Security Income. Plaintiff has raised two issues for review: (1) whether the ALJ erred in determining at step two

---

[2] This finding was made despite that Plaintiff was completely asymptomatic, Tr. 297, and not taking any medication, Tr. 55.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

"that she did not have any severe mental impairments and that her mental impairments caused [no] more than slight abnormalities on her ability to work;" and (2) whether the ALJ properly rejected the opinions of two examining psychologists. ECF No. 16 at 5.

## DISCUSSION

### A. Step Two, Severe Impairment

Plaintiff argues that the ALJ erred in finding that she did not have a severe mental impairment at step two. ECF No. 16 at 5-10. Initially, the ALJ considered Plaintiff's mental impairments at steps 2 and 3, and then again considered their effects on her residual functional capacity at step 4. Plaintiff seems to misapprehend that a step two finding of a severe impairment does itself result in a finding of disability. Step two merely screens out groundless claims. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). While, as discussed more fully below, the Commissioner may have been justified in stopping his analysis at step two in this case, he proceeded through the sequential evaluation process, benefiting Plaintiff by giving her a full evaluation and making the record clear for this Court's review. Curiously, Plaintiff insists that she has a severe mental impairment (a step two analysis) and that this matter must be remanded for a continuation of the sequential

evaluation process. ECF No. 16 at 10. Having passed through the step 2 window, Plaintiff cannot show she was harmed by the Commissioner's finding.

The Court will proceed to address Plaintiff's arguments that the ALJ improperly rejected the opinions of two psychologists in the context of step four, not step two.

B. **Substantial Evidence Supports the ALJ's Rejection of Two Examining Psychologists' Opinions**

Plaintiff's only substantive argument is that the ALJ improperly rejected the opinions of two examining psychologists, W. Scott Mabee, Ph.D. and John Arnold, Ph.D. ECF No. 16 at 9-10. As the Commissioner concedes, the real issue here is whether the ALJ properly concluded that Plaintiff's mental impairments did not cause any significant functional limitation. ECF No. 19 at 7.

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation

Case 2:12-cv-00153-TOR   Document 22   Filed 12/19/12

omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

Dr. Mabee and Dr. Arnold assessed multiple moderate and marked functional limitations. Tr. 313, 356, 365. Contrary to Plaintiff's assertions, the ALJ identified specific and legitimate reasons that are supported by substantial evidence in the record to discount the conclusions of Dr. Mabee and Dr. Arnold. Tr. 24.

First, the ALJ noted that Plaintiff has absolutely no mental health care, counseling, medications, hospitalizations, etc. and made no mental health complaints in her prior physical evaluations. Tr. 24. The ALJ also noted that the record "contains very little complaint of symptomatology, except in the evaluations generated by [Plaintiff's] bid for public assistance benefits." Tr. 24. These negative findings are fully supported by their absence in the record, which this Court has fully reviewed.

Second, the ALJ rested his rejection of Dr. Mabee's and Dr. Arnold's opinions on the fact that they were not supported by the psychological testing. Indeed, all three tests, two Minnesota Multiphasic Personality Inventory-2 ("MMPI-2") and one Personality Assessment Inventory ("PAI"), were invalid. Tr.

24.  Despite her intellectual testing (WAIS-IV), IQ score of 86, in the low average range, with verbal comprehensive index of 76 and processing speed index of 102 (Tr. 316), her November 2009 MMPI-2-RF produced an extremely elevated F-r scale T-score of 120, rendering her profile "invalid."  Tr. 22; Tr. 315.  Then again in May 2010, Plaintiff's PAI was so distorted that it was deemed "questionably valid."  Tr. 358 ("Her response patterns are unusual in that they indicate a defensiveness about particular personal shortcomings as well as an exaggeration of certain problems.  This level of distortion is usually associated with a 'cry for help.'").  Once again, in January 2011, Plaintiff's MMPI-2 was deemed "invalid."  Tr. 366 ("Her MMPI-2-RF profile was invalid due to the likelihood she endorsed significantly more symptoms than objectively exist.").  These disclaimers by the State's examining psychologists strongly support the ALJ's conclusion that Plaintiff's mental impairments were not as severe as she claimed, but rather an exaggerated symptomology.

The medical expert, Dr. McKnight was the only medical source who reviewed all of the medical evidence of record (longitudinal record, Tr. 23) and correlated it with specific questions from the ALJ and Plaintiff's counsel.  Dr. McKnight testified that Plaintiff had no work related mental limitations (Tr. 47), which opinion was also consistent with the activities of daily living she described at the hearing and in her self-reports, Tr. 282-95 and recounted in detail at Tr. 25-

26. As the ALJ appropriately recognized, these activities are highly inconsistent with Plaintiff's self-reported inability to function in a typical work environment due to severe mental impairments. Indeed, the ALJ discounted the Plaintiff's credibility, Tr. 26, which has not been challenged in this appeal and which further supports the ALJ's decision.

The ALJ offered specific and legitimate reasons for rejecting Dr. Mabee's and Dr. Arnold's conclusions. Accordingly, the ALJ did not err in finding Plaintiff was not disabled under the Act.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

3. The hearing set for March 3, 2014, is **VACATED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** this 19th day of December, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge